UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUN INDUSTRIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-172-BAJ-EWD** |
| **PHOENIX INSURANCE COMPANY, ET AL.** | |

## ORDER

Before the Court is a Motion to Remand, filed by plaintiff Sun Industries, LLC ("Sun Industries"). (R. Doc. 2). The Motion is opposed. (R. Doc. 6).

The issue before the Court is whether third party defendants can remove a third party demand to federal court under 28 U.S.C. § 1441(a). Sun Industries asserts that this case must be remanded because it was removed by third party defendants to the original state court proceeding[1] and only original defendants are authorized to remove a case under § 1441(a). (R. Doc. 2). The Third Party Defendants[2] assert that third party removal is allowed under § 1441(a) and the exception set forth in *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002), because all of the claims by and against Sun Industries in the Consolidated State Proceedings were dismissed prior to removal. (R. Doc. 6). Sun Industries chose not to file a reply memorandum and therefore, has not addressed these allegations.

Since Amerisure did not submit any documentation to show that all of the claims in the Consolidated State Proceedings had been dismissed at the time of removal except for Sun

---

[1] The underlying state court proceeding referred to by Sun Industries is *Bernhard Mechanical Contractors, Inc., et al. v. Mapp Construction, LLC, et al*., 19th JDC, Parish of East Baton Rouge, Louisiana, Docket No. 615,513, Section 26.  On May 13, 2014, *Bernhard* was consolidated with another case, *Mapp Construction, LLC v. Chenevert Architects et al.*, 19th JDC, Parish of East Baton Rouge, Louisiana, Docket No. 615,354, Section 25.  (R. Doc. 19-10 at 2).  The two cases are referred to collectively as the "Consolidated State Proceedings."

[2] The Third Party Defendants in this case are Sun Industries' insurers, Amerisure Insurance Company ("Amerisure"), The Phoenix Insurance Company ("Phoenix"), and Travelers Property Casualty Company of America ("TPC").

Industries' third party demand against the Third Party Defendants, the Court ordered Amerisure to supplement the record to include a copy of "all records and proceedings" that have been filed in the Consolidated State Proceedings. (R. Doc. 18). Amerisure supplemented the record, but only provided copies of pleadings by and against Sun Industries. (*See* R. Docs. 19 through 19-22).

After carefully reviewing the documents submitted by Amerisure, it is unclear to the Court whether there were any claims still pending in the Consolidated State Proceedings at the time of removal, other than the third party demand currently before the Court.[3]

Based upon the foregoing,

**IT IS ORDERED** that the parties shall appear and present **ORAL ARGUMENT** on Sun Industries' Motion to Remand (R. Doc. 2) on **August 29, 2016 at 2:00 p.m. in Courtroom 5.** The parties should be prepared to discuss the procedural posture of all claims asserted by and against all parties in the Consolidated State Proceedings. The parties should also be prepared to discuss the impact of the rulings in *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002) and *Eckert v. Administrators of the Tulane Educational Fund*, 2016 WL 158919 (E.D. La. Jan. 14, 2016).

Signed in Baton Rouge, Louisiana, on August 11, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] For instance, Amerisure asserts that, "The Pretrial Order filed in this matter on December 16, 2015 conveys the claims that existed at that time pursuant to each of the then existing litigants and specifically describes the claims among Sun, Mapp and Travelers." (R. Doc. 19 at 5). However, the Pretrial Order submitted by Amerisure shows that as of December 16, 2016, claims were still pending by and between Sun Industries, Arena Fire Protection, Inc. and Mapp Construction. (R. Doc. 19-14). Amerisure did not submit any documentation to show that the claims of Arena Fire Protection, Inc. have been dismissed. Similarly, Amerisure submitted a Motion for Entry of Consent Judgment, filed by Elliott Electric Supply, Inc., which asserts that Elliott and Sun Industries "have resolved all claims between them and request that the attached Consent Judgment be entered by the Court . . . ." (R. Doc. 19-9). Amerisure, however, did not submit any documentation to show that the state court entered the requested consent judgment.