# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SUN INDUSTRIES, LLC**                                      **CIVIL ACTION**

**VERSUS**                                                            **NO. 16-172-BAJ-EWD**

**PHOENIX INSURANCE
COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SUN INDUSTRIES, LLC**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 16-172-BAJ-EWD**

**PHOENIX INSURANCE
COMPANY, ET AL.**


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand.[1]  The Motion is opposed.[2]  For the following reasons, the undersigned recommends that the Motion be **GRANTED** and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

### Factual and Procedural Background

This matter involves a claim by Sun Industries, LLC (formerly Sun Electrical and Instrumentation, L.L.C.)[3] against its insurers, Amerisure Insurance Company ("Amerisure"), The Phoenix Insurance Company ("Phoenix"), and Travelers Property & Casualty Company of America ("TPC"), to recover defense costs and other damages related to a construction project involving Baton Rouge Magnet High School.[4]  On or about December 8, 2010, Mapp Construction, LLC ("Mapp"), the general contractor, hired Sun Industries to perform electrical work on the project.[5]  Sun Industries obtained insurance coverage from Amerisure, Phoenix, and

---

[1] R. Doc. 2.
[2] R. Doc. 6.
[3] *See* R. Doc. 1-2 at 4.
[4] R. Doc. 1 at 1.
[5] R. Doc. 19-4 at 1.

TPC during the time it performed electrical work on the project.[6]  According to Amerisure, two separate lawsuits were filed in 2012 as a result of the construction project, a concursus proceeding filed by the subcontractors and suppliers against Mapp and its bonding company for payment[7] and "a petition filed by Mapp against the designers and others."[8]

### A. The concursus proceeding.

In September 2012, a Petition for Concursus was filed in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, entitled *Bernhard Mechanical Contractors, Inc., et al. v. Mapp Construction, LLC, et al.*, Docket No. 615,513, Section 26.[9]  The Petition was filed by Sun Industries and other subcontractors and suppliers on the construction project seeking a determination of their claims under the payment applications and contracts.[10]  The petitioners impleaded and named as defendants Mapp, the East Baton Rouge Parish School Board ("EBRPSB") (the property owner), Travelers Casualty & Surety Company of America ("Travelers") (the issuer of a performance and payment bond as surety to Mapp with EBRPSB as principal),[11] and several other entities that furnished labor and/or materials for the construction project.[12]  The Petition was filed pursuant to La. R.S. 38:2243, which provides:

> A. If at the expiration of the forty-five days any filed and recorded claims are unpaid, the public entity shall file a petition in the proper court of the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims.  If the governing authority fails to file the proceeding any claimant may do so.

---

[6] R. Doc. 2 at 1.
[7] *Id*.
[8] R. Doc. 19 at 2.
[9] R. Doc. 19-1.
[10] R. Doc. 19 at 3; *See* R. Doc. 19-1.
[11] R. Doc. 19-1 at 10.
[12] *Id*. at 2-3, 7-10.

> B. All the claims shall be tried in concursus and the claims of the claimants shall be paid in preference to the claims of the public entity.

La. R.S. 38:2243.  The Petition alleges that the concursus proceeding is appropriate under the statute because EBRPSB failed to institute the mandated concursus proceeding in accordance with La. R.S. 38:2243(A) and because the petitioners are claimants and the Certificate of Substantial Completion was recorded on July 27, 2012, more than 45 days before the Petition was filed.[13]

Thereafter, both the petitioners and the parties impleaded and made defendants filed cross claims against each other.  Of particular relevance to the Motion to Remand, on or about April 19, 2013 Sun Industries filed an Answer to a Petition for Intervention filed by Teche Electric Supply, LLC ("Teche"), which includes a Cross Claim against EBRPSB, Mapp, and Travelers for their alleged failure to pay Sun Industries for the materials and/or labor furnished by Teche for the project.[14]  On or about September 3, 2013, Mapp filed a reconventional demand against Sun Industries, alleging delays, poor workmanship, and associated losses and damages based on the subcontract between Mapp and Sun Industries.[15]

**B. Mapp's independent action against designers and architects on the project and consolidation of the two matters.**

According to Amerisure, the other lawsuit filed in 2012 as a result of the construction project was "a petition filed by Mapp against the designers and others."[16]  The only information provided about the other case is the fact that it was also filed in the 19th Judicial District Court and is entitled *Mapp Construction, LLC v. Chenevert Architects, et al.,* Docket No. 615,354, Section 25.[17]  Amerisure also provided a copy of an Order issued by the state court judge consolidating the

---

[13] R. Doc. 19-1 at 11.
[14] R. Doc. 19-3.
[15] R. Doc. 19 at 3; *See* R. Doc. 19-4.
[16] R. Doc. 19 at 1-2.
[17] R. Doc. 19 at 3.

two matters on May 13, 2014.[18]   The two cases, *Bernhard Mechanical Contractors, Inc., et al. v. Mapp Construction, LLC, et al.* and *Mapp Construction, LLC v. Chenevert Architects, et al.*, are referred to collectively as the "Consolidated State Proceeding."

### C.  The Third-Party Demand.

This matter is currently before the Court based on a Third Party Demand filed by Sun Industries against Amerisure, Phoenix, and TPC (collectively "Third-Party Defendants") in the Consolidated State Proceeding.[19]   In the Third Party Demand, Sun Industries seeks from its insurers the sums allegedly withheld by Mapp on the construction project, as well as reimbursement of the defense costs incurred in connection with Mapp's reconventional demand.[20] The Third Party Demand was filed on January 6, 2016, but Sun Industries did not request service on Third-Party Defendants until February 1, 2016.[21]   Third-Party Defendants allege that Sun Industries withheld service of the Third Party Demand until after all of the claims between Sun Industries and Mapp had been resolved and dismissed.[22]

### D.  Removal by Amerisure.

On March 15, 2016, Amerisure removed the Third Party Demand to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[23]   Amerisure claims that removal is timely because it first received notice of the Third Party Demand on February 16, 2016, when Amerisure received service forwarded by the Louisiana Secretary of State.[24]   Amerisure asserts that it is facially apparent from the state court petition that the amount in controversy exceeds $75,000 and there is complete diversity between the parties because Sun Industries is a citizen of Louisiana,

---

[18] R. Doc. 19-10; R. Doc. 19 at 2, 4.
[19] R. Doc. 1 at 1; *See* R. Doc. 1-2 at 4-6.
[20] R. Docs. 1-1, 19-15.
[21] R. Doc. 1 at 1; *See* R. Doc. 1-2 at 3.
[22] R. Doc. 6 at 2.
[23] R. Doc. 1.  Amerisure asserts that Phoenix and TPC consent to the removal.
[24] *Id.* at 1.

Phoenix and TPC are citizens of Connecticut, and Amerisure is a citizen of Michigan.[25]  Amerisure further asserts that, "Upon information and belief, all claims by and between Sun Industries and Mapp in the main demand have been settled and dismissed."[26]

**E.  Sun Industries' Motion to Remand.**

On March 17, 2016, Sun Industries filed the instant Motion to Remand, asserting that removal was improper under 28 U.S.C. § 1441(a) because Amerisure, Phoenix, and TPC are third-party defendants to the Consolidated State Proceeding and only original defendants have the right to removal under § 1441.[27]  Sun Industries does not address Amerisure's assertion that all of the underlying claims between Mapp and Sun Industries were dismissed prior to removal.  Instead, Sun Industries asserts removal is not warranted because the state court judge "is knowledgeable as to the parties and claims for backcharges made against Sun" and "The claims the Third Party Defendants have removed to this Court are interrelated to the matters which have previously been heard by the 19th Judicial District Court."[28]

On April 7, 2016, Third-Party Defendants filed an Opposition asserting that because the main demand between Mapp and Sun Industries was dismissed, the general rule that third-party defendants may not remove a case does not apply.[29]  Third-Party Defendants rely on *Central of Georgia Ry. Co. v. Riegel Textile Corp.* ("*Riegel*"), a Fifth Circuit case that created a narrow exception allowing removal by third-party defendants where removal was sought after the third-party demand had been severed from the main demand.  426 F.2d 935 (5th Cir. 1970).  Third-Party Defendants also cite *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo* ("*Johns,*

---

[25] *Id.* at 2.
[26] *Id*. at 1.
[27] R. Doc. 2 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).
[28] R. Doc. 2-1 at 2.
[29] R. Doc. 6 at 2.

*Pendleton*"), a case in which the Eastern District of Louisiana allowed removal of a third-party demand when removal was sought after dismissal of the main demand.  2002 WL 31001838 (E.D. La. Sept. 4, 2002).  Third-Party Defendants assert the same rationale employed by the courts in *Riegel* and *Johns, Pendleton* applies here because all claims between Sun Industries and Mapp in the Consolidated State Proceeding were settled and actually dismissed when Sun Industries requested service of its Third Party Demand.  Third-Party Defendants allege that Sun Industries could have filed this action as an original petition, but instead filed it as a third-party demand to deprive Third-Party Defendants of their right to invoke this Court's jurisdiction.

**F.  The Court's request for additional information.**

Because Amerisure's Notice of Removal did not include a copy of the record from the state court proceedings, Amerisure was ordered on July 12, 2016 to supplement the record with a copy of all records and proceedings from the Consolidated State Proceedings.[30]  On July 22, 2016, Amerisure filed a Response to the Court's July 12, 2016 Order, but Amerisure did not append a copy of the entire state court record.[31]  Instead, Amerisure provided copies of several documents that were filed in the Consolidated State Proceedings,[32] including several orders of dismissal issued by the state court judge.[33]  Included therein is a copy of an Order dated January 12, 2016, in which the state court judge dismissed all claims filed by, between, and among Sun Industries, Mapp, Travelers, and Link Solutions, LLC (an entity that provided labor and/or materials for the construction project), expressly reserving Sun Industries' rights, claims, and causes of action against its insurance companies, Amerisure, Phoenix, and TPC.[34]  Amerisure asserts, "As noted in

---

[30] R. Doc. 18.
[31] R. Doc. 19 at 2.
[32] *See* R. Docs. 19-1 through 19-22.
[33] *See* R. Docs. 19-16 through 19-19.
[34] R. Doc. 19-18.  The state court judge also dismissed Sun Industries' cross claim against Link on January 19, 2016. (R. Doc. 19-19).

Amerisure's Opposition to Sun's Motion to Remand, a settlement and full dismissal of all claims was confected between Sun and Mapp, and all of the other claims filed by and against Sun have also been fully dismissed.  The sole exception is the Third Party Demand at issue."[35]  Amerisure claims that because service on the Third-Party Defendants was not made until after the settlement between Sun Industries and Mapp and the dismissal of all the other claims in the Consolidated State Proceeding, the Third Party Demand is a "new complaint" subject to removal on diversity grounds.[36]

After carefully reviewing Amerisure's July 22, 2016 Response and the documents submitted therewith, this Court issued another Order on August 11, 2016, requiring the parties to appear and present oral argument on the Motion to Remand.[37]  The Court specifically advised the parties to be prepared to discuss the procedural posture of all claims asserted by and against all parties in the Consolidated State Proceeding, as well as the impact of the rulings in *Johns, Pendleton* and *Eckert v. Administrators of the Tulane Educational Fund*, 2016 WL 158919 (E.D. La. Jan 14, 2016).[38]  The Motion Hearing was originally set for August 29, 2016, but was subsequently rescheduled for September 7, 2016 at the request of the parties.[39]

On September 1, 2016, Sun Industries filed a Motion for Leave to File Reply Memorandum[40] in response to the Court's August 11, 2016 Order, which the Court granted.[41]  In the Reply, Sun Industries asserts that the following claims were pending in the Consolidated State

---

[35] R. Doc. 19 at 2.
[36] *Id*.
[37] R. Doc. 22.
[38] *Id*. at 2.
[39] R. Doc. 23.
[40] R. Doc. 24.
[41] R. Doc. 26.

Proceeding at the time of removal and were still pending as of September 1, 2016:

(1) Mapp's claims against Bernhard Mechanical Contractors, Inc., Wausau Underwriters Insurance Company, and The Gray Insurance Company;
(2) Covasa Construction, L.L.C.'s claims against Mapp and Mapp's reconventional demand against Covasa;
(3) Southern Masonry Supply, LLC's claims against Mapp; and
(4) EBRPSB's claims against Mapp.[42]

Thus, Sun Industries asserts removal of this case is improper because there are still matters pending in the Consolidated State Proceeding.

On September 2, 2016, Amerisure filed a Motion to Supplement its Response to this Court's July 12, 2016 and August 11, 2016 Orders Regarding Plaintiff's Motion to Remand,[43] which the Court granted.[44]  In the Response, Amerisure asserts that at the time of removal, Sun Industries was no longer litigating any claims against any parties other than the instant third-party claim against the Third-Party Defendants.[45]  Amerisure then addresses the questions raised by this Court's August 11, 2016 Order,[46] namely Amerisure's submission of a December 16, 2015 Pretrial Order[47] from the Consolidated State Proceeding showing that claims were still pending by and between Sun Industries, Mapp, Travelers, and Arena Fire Protection, Inc. as of that date and Amerisure's submission of an unsigned Motion for Entry of Consent Judgment[48] filed by Elliot Electric Supply, Inc. without documentation showing that the claims between Elliot and Sun Industries were dismissed.[49]  Amerisure asserts that at the time of the December 16, 2015 Pretrial Order there were only two claims pending: those between Mapp and Arena and those between

---

[42] R. Doc. 27 at 1.
[43] R. Doc. 25.
[44] R. Doc. 29.
[45] R. Doc. 25-2 at 1.
[46] R. Doc. 22.
[47] R. Doc. 19-14.
[48] R. Doc. 19-9.
[49] R. Doc. 25-2 at 2-5.

Mapp and Sun Industries.[50]   Amerisure further asserts that all of the claims between Mapp and Arena have been dismissed, as evidenced by the signed dismissal submitted with Amerisure's Response.[51]   Amerisure also concedes that it did not provide a signed dismissal of the claims between Sun Industries and Elliot because the proposed Consent Judgment was submitted to Judge Kay Bates for signature in the concursus proceeding at the same time that the concursus proceeding was transferred to and consolidated with *Mapp Construction LLC v. Chenevert Architects, et al.*, pending before Judge Wilson Fields, and the proposed Consent Judgment "was lost in the shuffle."[52]   However, Amerisure argues that because the proposed Consent Judgment was signed by counsel for Elliot and Sun Industries, "These claims were clearly resolved and forever terminated."[53]

Turning next to Sun Industries' allegation that there are claims still pending in the Consolidated State Proceeding, Amerisure asserts the alleged claims relate only to Mapp and that Sun Industries has no involvement with any of the additional parties or claims allegedly still pending.[54]   Amerisure asserts that the claims between Mapp and Bernhard, with the exception of a carved out "insurance claim" relating to a pipe burst, were dismissed prior to removal on January 26, 2016, as evidenced by the Joint Motion and Order of Dismissal attached to Amerisure's Response.[55]   Amerisure also claims that counsel for Sun Industries failed to inform the Court that he also served as counsel to Bernhard, Covasa, and Southern Masonry in the Consolidated State Proceeding and would have first-hand knowledge of the status of the claims allegedly pending between those parties and Mapp.[56]   Amerisure further argues that Covasa, Southern Masonry, and

---

[50] *Id*.
[51] R. Doc. 25-2 at 3-4; *See* R. Doc. 25-4 at 3.
[52] R. Doc. 25-2 at 4.
[53] *Id*. at 5.
[54] *Id*.
[55] R. Doc. 25-2 at 6 (*citing* R. Doc. 25-4 at 3).
[56] *Id*. at 6.

Bernhard were not parties to the state court's December 16, 2015 Pretrial Order[57] and were not involved in the trial that was set to take place in December 2015, which "can only mean that these entities had settled or otherwise resolved their claims by and against Mapp in this matter."[58] Amerisure does not address Sun Industries' allegation that EBRPSB's claims against Mapp are still pending in the Consolidated State Proceeding.

### Applicable Law and Analysis

The issue before the Court is whether the Court has subject matter jurisdiction over a third-party demand that was removed to federal court under 28 U.S.C. §§ 1332(a) and 1441(a). Sun Industries asserts that this case must be remanded because it was removed by Third-Party Defendants to the Consolidated State Proceeding and only original defendants are authorized to remove a case under § 1441(a).[59] Sun Industries further asserts that removal is improper because several claims were still pending in the Consolidated State Proceeding at the time of removal.[60] In response, Third-Party Defendants assert that removal by a third-party defendant is allowed under § 1441(a) and the exception set forth in *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002), because all of the claims by and against Sun Industries in the Consolidated State Proceeding were dismissed prior to removal.[61] Amerisure also asserts that some, but not all, of the claims that were allegedly pending at the time of removal were dismissed prior to removal.

As a general rule, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,

---

[57] *See* R. Doc. 19-14.
[58] R. Doc. 25-2 at 6.
[59] R. Doc. 2.
[60] R. Doc. 24.
[61] R. Doc. 6.

to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).   Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

### A.  Under *Riegel* and *Johns, Pendleton*, removal by a third-party defendant is allowed when the third-party demand has been severed or dismissed from the main demand.

Although the right to remove a matter to federal court is generally extended only to defendants, the Fifth Circuit has recognized a limited exception allowing removal by a third-party defendant where the third-party demand has been severed from the main demand.  *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970).  In *Riegel*, the plaintiff filed a claim against his employer, Central of Georgia Railway Company, which subsequently filed a third-party complaint against Riegel Textile Corporation ("Riegel"), claiming indemnity under the terms of a track agreement.  *Id*. at 937.  After an unsuccessful attempt to remove the matter to federal court, the plaintiff moved to strike the third-party complaint on the grounds that it unduly prejudiced his claim.  *Id*.  The state court granted the motion and severed the third-party complaint

for trial purposes and set the original action for trial.  *Id*.  Thereafter, Riegel filed a second petition

for removal, which was granted in part and denied in part, with the district court retaining

jurisdiction over the third-party indemnity claim.  *Id*.  On appeal, the Fifth Circuit squarely

addressed whether a third-party defendant is a "defendant" within the meaning of 28 U.S.C. §

1441(a), reaching the following conclusion:

> Where removal would not have the effect of defeating plaintiff's choice
> of forum, the federal courts should recognize that a party in Riegel's
> position is as much a 'defendant' as if an original action had been
> brought against him.  This is fully in accord with the policy behind the
> removal statute of providing a federal forum to an out-of-stater sued in
> state court.

426 F.2d at 938.

The *Riegel* exception has been extended to apply in situations where an action is removed

by a third-party defendant after the main demand has been settled and actually dismissed.  *See*

*Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept.

4, 2002).  In *Johns, Pendleton*, the plaintiff filed suit on an open account against Miranda, Warwick

& Milazzo ("MWM") for an amount allegedly owed for various court reporting services plaintiff

performed for MWM.  2002 WL 31001838 at *1.  MWM subsequently brought a third-party claim

against Cambridge Integrated Services Group, Inc. ("Cambridge"), alleging that Cambridge was

obligated to pay the main demand brought by the plaintiff against MWM, as well as an additional

amount in damages to MWM arising out of the same transaction.  *Id*.  Although Cambridge denied

liability on both claims, it paid plaintiff's original claim against MWM and the plaintiff dismissed

its cause of action against MWM.  *Id*.  Thereafter, Cambridge removed the case to federal court

based on diversity jurisdiction.  *Id*.  MWM filed a motion to remand, asserting that removal was

improper because a third-party defendant is not permitted to remove a matter to federal court under

28 U.S.C. § 1441(a).  *Id*.

13

Upon review, the district court denied the motion to remand, finding that Cambridge could remove the matter under § 1441(a) and the Fifth Circuit's ruling in *Riegel*. *Id.* at *2. The district court found the circumstances of the case were analogous to those in *Riegel* because in both cases the main demand was resolved separate and apart from the third-party complaint. *Id* at *3. The *Johns, Pendelton* court explained, "While the main demand in the instant case was not 'severed' from the third-party complaint, it was dismissed with prejudice upon payment of the claim by the third-party." *Id*. The district court also concluded that, "allowing third-party removal *after* the severance or dismissal of the plaintiff's cause of action does not run afoul of the policy concern announced in *Shamrock*—that a third-party defendant should not be permitted to destroy an original plaintiff's choice of forum." *Id*. (citing *Shamrock Oil & Gas Co. v. Sheets*, 131 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)) (emphasis in original). The district court found that allowing Cambridge to remove the third-party cause of action between it and MWM "does not threaten Johns, Pendelton's forum selection—as it no longer has any interest in the matter." *Id*. The district court further noted that its decision was consistent with the Fifth Circuit's rationale in *Riegel* that allowing third-party removal under 28 U.S.C. § 1441(a) when the original plaintiff's choice of forum is not at issue allows a third-party defendant to do what he could have done had the third-party complaint been filed as a separate lawsuit-remove the matter based on diversity. *Id*. at *4.

**B. Under § 1441(a) and *Eckert v. Administrators of the Tulane Educational Fund*, removal by a third-party defendant removes the entire case, not just the third-party claim.**

More recently, the Eastern District of Louisiana held that under § 1441(a), removal by a third-party defendant removes the entire case to federal court, not just the third-party claim. *Eckert v. Administrators of the Tulane Educational Fund*, 2016 WL 158919 (E.D. La. Jan. 14, 2016). In

14

*Eckert*, the plaintiff[62] filed suit against the Tulane Education Fund ("Tulane") and sixteen other defendants seeking recovery for an injury allegedly suffered as a result of exposure to asbestos. *Id.* at *1.   Tulane subsequently filed a third-party demand against St. Paul Fire and Marine Insurance Co. ("St. Paul") and U.S. Fire Insurance Co. ("U.S. Fire").   Both insurers were also named as direct action defendants in a second amended petition subsequently filed by the plaintiff. *Id.*   Thereafter, Tulane filed an amended third-party demand naming as additional third-party defendants ACE Group d/b/a in [sic] Louisiana as ACE American Insurance Co. and ACE Property and Casualty Insurance Co. ("ACE"), Westchester Fire Insurance Co. ("Westchester"), and Crum & Forster Specialty Insurance Co. ("Crum & Forster").   *Id.*   Tulane subsequently reached a settlement with the plaintiff, and the plaintiff dismissed his claims against Tulane on October 5, 2015.  The plaintiff also dismissed his claims against St. Paul and U.S. Fire on October 27, 2015. *Id.*

On October 29, 2015, St. Paul filed a notice of removal, "seeking to remove what it claimed to be the only remaining claims in this case, namely those brought by Tulane against St. Paul, U.S. Fire, ACE, Westchester, and Crum & Forster."   *Id.*   St. Paul alleged that all of the third-party defendants consented to removal and that removal was appropriate because the court had diversity jurisdiction under 28 U.S.C. § 1332.  Relying upon *Riegel* and *Johns, Pendleton*, St. Paul asserted that third-party defendants are allowed to remove a third-party demand to federal court on the basis of diversity jurisdiction after the state trial court has severed or dismissed the main demand.  *Id.* at *2.  Tulane filed a motion to remand, asserting that the court lacked subject matter jurisdiction because at the time of removal, six of the original seventeen defendants had not been dismissed from the lawsuit.  *Id.*  Tulane argued that St. Paul misrepresented to the court that the only

---

[62] The plaintiff died five days after the suit was filed and his son was substituted as the plaintiff, asserting a survival action and claims for wrongful death.  2016 WL 158919 at *1 n.2.

remaining claims at the time of removal were the third-party claims brought by Tulane against the third-party defendant insurers.[63]

Tulane further argued that St. Paul failed to follow the proper procedure for removal in purporting to remove only the third-party claims asserted by Tulane against the third-party defendant insurers, rather than the entire action, and St. Paul failed to obtain consent to removal from all of the defendants to the action. *Id*. at *3. Tulane's bigger concern, however, was the apparent lack of diversity between one of the defendants remaining in the action at the time of removal, Union Carbide Corp. ("Union Carbide"), and the original plaintiff and the current plaintiff, all of whom were citizens of Texas. *Id*. Tulane alleged that, "although St. Paul purported to remove only Tulane's third-party claims, the propriety of the partial removal was based on the false premise that all claims in the main demand had been dismissed, and thus any removal necessarily would have effected removal of the entire action." *Id*. Tulane argued that *Riegel* and *Johns, Pendleton* did not apply to the case because there had been no severance of the third-party claims from the principal action, nor was there a functional equivalent of such severance by virtue of dismissal of all claims in the principal action. *Id*. at *4.

In opposition, St. Paul argued that removal was proper because at the time of removal, all of the parties to the third-party demand were no longer parties to the plaintiff's main demand. *Id*. at *5. Thus, St. Paul asserted that on the date of removal, there were no claims pending between the original plaintiff or any other remaining party to the main demand and Tulane, St. Paul, U.S. Fire, ACE, Westchester, or Crum & Forster. *Id*. St. Paul conceded that it only removed a portion

---

[63] Tulane also alleged that the district court issued a directive on November 5, 2015 directing St. Paul to provide a list of all parties still remaining in the action, copies of all pleadings filed by those parties in state court, and copies of the returns on service of process on those parties filed in state court. 2016 WL 158919 at *2. Tulane claimed that St. Paul's Notice of Compliance with Removal Procedure, filed on November 12, 2015, provided a list of all parties remaining in the action, which identified only Tulane and the third-party defendant insurers. *Id*.

of the state court action, Tulane's third-party demand, asserting that such removal was appropriate based on the isolated nature of Tulane's third-party demand. *Id*. at \*6.  St. Paul argued that Tulane cited no authority for the proposition that removal of some pending claims and not others is not authorized under 28 U.S.C. § 1441, asserting that, "the Eastern District of Louisiana allowed precisely that situation in *Johns, Pendleton & Associates v. Miranda, Warwick & Milazzo*." *Id*. St. Paul argued that "*Johns, Pendleton* does not require that all claims in the main demand be dismissed, but only that 'the main demand was resolved separate and apart from the third party complaint.'" *Id*. (quoting *Johns*, *Pendleton*, 2002 WL 31001838 at \*3).  Because the main demand against Tulane and its insurers was entirely resolved and the original plaintiff's claim against other tort defendants were completely unrelated to Tulane and Tulane's claim for insurance coverage against its insurers, St. Paul argued that Tulane's third-party demand was essentially a separate lawsuit like in *Johns, Pendleton*.  *Eckert*, 2016 WL 158919 at \*5-6.  Thus, St. Paul argued that removal of the third-party demand was proper and would not run afoul of policy concerns that a third-party defendant should not be allowed to destroy an original plaintiff's choice of forum.  *Id*. at \*6.

Upon review, the Eastern District of Louisiana concluded that as the removing party, St. Paul failed to meet its burden of demonstrating that federal jurisdiction exists because it failed to cite any case law authorizing removal of a portion of a case rather than the entire action.  *Id*. at \*8. The *Eckert* court also found St. Paul's reliance on *Johns, Pendleton* "misplaced" because in that case, the direct action that would have otherwise prohibited removal had been entirely resolved. The *Eckert* court explained:

> In fact, the District Court in *Johns, Pendleton* explained that the reason that the case was analogous to the Fifth Circuit's decision in *Riegel*, which involved a severed claim, was that the main demand in the instant case had been dismissed with prejudice and the original

17

> plaintiff was no longer a party to the case, creating the same result
> as a severance.  In *Johns, Pendleton*, once the third-party demand
> was removed, no portion of the case remained ongoing in state court.
> That is not the situation presented here, where the original plaintiff's
> claims against at least six defendants remains pending.

*Id.* (internal citations omitted).  The court rejected St. Paul's argument that the court should treat claims filed in the same lawsuit as if they were automatically severed based on St. Paul's insistence that the third-party claims are unrelated and can be independently removed to federal court.  With respect to 28 U.S.C. §1441, the court found that, "Interpreting the statute, numerous courts have found that the term 'any civil action' in §1441(a) encompasses an entire case, and not merely certain claims."  *Id.* at *9 (citations omitted).  As such, the *Eckert* court held that St. Paul effectively removed the entire case and because it was undisputed that the original plaintiff and an original defendant (Union Carbide) were both citizens of Texas and no federal cause of action had been asserted, the court lacked subject matter jurisdiction.  *Id.* at *10.  The court, therefore, granted Tulane's motion to remand.  *Id.*

The same rationale was applied by the district court in *F.L. Crane & Sons, Inc. v. IKBI, Inc.*, in granting a motion to remand where a third-party defendant sought removal after the plaintiff and defendant had settled their claims, but the plaintiff remained in the suit while the defendant pursued its claim against the third-party defendant.  630 F. Supp. 2d 718, 721 (S.D. Miss. 2009).  In granting the motion to remand, the district court explained:

> In both *Riegel* and *Johns*, the original plaintiffs were severed or
> dismissed prior to removal.  As such, the courts were no longer
> concerned with preserving the plaintiffs' choice of forum. . . .  Here,
> Crane and IKBI reached a settlement agreement, but unlike *Johns*,
> the settlement is conditional, IKBI's claim against Kellogg was not
> severed, and Crane (the original plaintiff) remains a party to this suit
> post-removal.  This eliminates the rationale relied upon in both
> *Riegel* and *Johns*, and the Court declines to extend those holdings in

this context.

*Id.* at 721.  The district court further noted that the removal statutes must be strictly construed, resolving any doubts in favor of remand.  *Id*.  Consequently, the district court refused to expand the limited exception identified in *Riegel* and concluded that removal was improper.  *Id*.

The Western District of Louisiana made a similar observation in *Williams v. Mor-Tem Risk Management Services Inc.*, explaining that, "In *Riegel* and *Johns*, the Plaintiff was no longer involved in the third-party suit when it was removed, plus the Plaintiff's general interest in maintaining the state forum into which he had plead was no longer implicated."  2012 WL 1014752, at *4 (W.D. La. Mar. 22, 2012).  Based on this reasoning, the court granted the motion to remand, concluding that the third-party defendant, "has not shown that the Plaintiff will no longer be involved in this suit or that the fact that Plaintiff's choice of forum will be defeated is immaterial."  *Id*.

## C. Amerisure failed to meet its burden of proving that removal was proper.

Based upon the decisions in *Riegel*, *Johns, Pendleton*, and *Eckert*, it is clear that removal by a third-party defendant is allowed in this circuit when all of the claims between the original plaintiff and the original defendants have been severed or settled and actually dismissed at the time of removal.  *See Riegel*, 426 F.2d 935; *Johns, Pendleton*, 2002 WL 31001838; *Eckert*, 2016 WL 158919.  In *Riegel* and *Johns, Pendleton*, the courts reasoned that once the original plaintiff's cause of action had been dismissed or severed from the third-party claim, removal of the third-party claim does not run afoul of the policy concern that a third-party defendant should not be allowed to destroy an original plaintiff's choice of forum because the original plaintiff no longer has any interest in the matter.  *Riegel*, 426 F.2d at 938; *Johns, Pendleton*, 2002 WL 31001838 at *3.  However, if, at the time of removal, there are claims pending between the original plaintiff and the

original defendants in the main demand, removal by a third-party defendant effectively removes the entire action. *See Eckert*, 2016 WL 158919 at *9-10.

In the instant case, the parties discussed the application of *Riegel* and *Johns, Pendleton* to the facts of this case, but they failed to address the impact of the recent decision in *Eckert*. As a result, the Court held a Motion Hearing on September 7, 2016, during which the Court asked counsel for both parties to answer the following two questions: (1) who is considered the "original plaintiff" in the Consolidated State Proceeding? and (2) were any claims between the "original plaintiff" and the original defendants in the main demand still pending at the time of removal? In response to the first question, counsel for both parties agreed that under Louisiana Code of Civil Procedure article 4656, "Each defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties." La. Code Civ. P. art. 4656. Thus, counsel for both parties agreed that Mapp, EBRPSB, and Travelers are considered to be both plaintiffs and defendants with respect to all of the other parties in the concursus proceeding. There was also no dispute that Mapp is the original plaintiff in the matter entitled *Mapp Construction LLC v. Chenevert Architects, et al.* and Sun Industries is one of the original petitioners in the concursus proceeding. As such, the Court finds that each party to the concursus proceeding is an "original plaintiff" in the Consolidated State Proceeding, including Sun Industries, Mapp, Travelers, and EBRPSB.

With respect to the second question posed by the Court at the Motion hearing, Sun Industries maintained that several claims were still pending in the Consolidated State Proceeding at the time of removal, including: (1) Mapp's claims against Bernhard Mechanical Contractors, Inc., Wausau Underwriters Insurance Company, and The Gray Insurance Company; (2) Covasa Construction, L.L.C.'s claims against Mapp and Mapp's reconventional demand against Covasa;

(3) Southern Masonry Supply, LLC's claims against Mapp; and (4) EBRPSB's claims against Mapp.[64]  Similarly, Amerisure maintained that the claims between Mapp and Bernhard have been dismissed, and that although there is no order in the record showing that the claims between Mapp and Southern Masonry and Mapp and Covasa had been dismissed, Amerisure thinks the claims have been resolved because the parties were not mentioned in the state court's December 16, 2015 Pretrial Order.[65]  Upon further questioning by the Court, counsel for Amerisure could not confirm whether the claims between Mapp and EBRPSB had been dismissed.   Based on these representations, the Court asked counsel for Amerisure whether Amerisure could definitively establish, with documentary evidence, that all of the claims by original plaintiffs in the Consolidated State Proceeding have been resolved.  Counsel for Amerisure responded that she could not definitively establish that there are no claims still pending in the Consolidated State Proceeding.

Pursuant to the case law in this circuit, specifically the decisions in *Riegel*, *Johns*, *Pendleton*, and *Eckert*, and the fact that Amerisure cannot definitively show that all of the claims in the Consolidated State Proceeding had been dismissed at the time of removal, the Court finds that Amerisure has not met its burden of proving that removal was proper under 28 U.S.C. § 1441(a).   As previously discussed, the right to remove a matter to federal court is generally extended only to defendants.  *Riegel*, 426 F.2d at 937-38.  In *Riegel*, the Fifth Circuit recognized a limited exception to this rule, allowing removal by a third-party defendant after the third-party demand was severed from the main demand.  *Id.*  The Eastern District of Louisiana expanded the *Riegel* exception to allow removal by a third-party defendant after the claims between the original plaintiff and the original defendant in the main demand were settled and actually dismissed.  *Johns*,

---

[64] *See* R. Doc. 24-2 at 1.
[65] *See* R. Doc. 19-14.

*Pendleton*, 2002 WL 31001838 at *3-4.  At the September 7, 2016 Motion Hearing, counsel for Amerisure conceded that Amerisure could not definitively establish that all of the claims by original plaintiffs in the Consolidated State Proceeding, including those mentioned by Sun Industries in its September 1, 2016 Reply Memorandum, were resolved prior to removal.  Thus, the Court finds Amerisure has not shown that the narrow exceptions set forth in *Riegel* and *Johns, Pendleton* apply in this case to allow removal of the Third Party Demand filed by Sun Industries.[66]

## Conclusion

Based on the foregoing, Amerisure has not met its burden of proving that removal of the Third Party Demand was proper under 28 U.S.C §§ 1332(a) and 1441(a).  Amerisure has also failed to show that removal was proper under either of the exceptions set forth in *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970) and *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002), allowing removal by a third-party defendant in limited situations.  Further, because Amerisure failed to show that there were no claims by original plaintiffs still pending in the underlying Consolidated State Proceeding at the time of removal, Amerisure effectively removed the entire Consolidated State Proceeding to this Court, not just the Third Party Demand.  *See Eckert v. Administrators of the Tulane Educational Fund*, 2016 WL 158919 (E.D. La. Jan 14, 2016).  Amerisure has not shown that the Court has subject matter jurisdiction over the Consolidated State Proceeding under 28 U.S.C. §

---

[66] The Court acknowledges that because there were claims pending in the underlying Consolidated State Proceeding at the time of removal, Third-Party Defendants effectively removed the entire Consolidated State Proceeding, not just the Third Party Demand.  *See Eckert*, 2016 WL 158919 at *10.  In the Notice of Removal, Third-Party Defendants allege that this Court has subject matter jurisdiction over the Third Party Demand based upon diversity jurisdiction under 28 U.S.C. § 1332.  (R. Doc. 1 at 2).  However, Third-Party Defendants have not attempted to allege that complete diversity exists if the entire Consolidated State Proceeding is removed to this Court like in *Eckert*.  Thus, the Court does not address the issue in this Report, but notes that the Notice of Removal indicates Sun Industries is a Louisiana citizen (R. Doc. 1 at ¶ 5(a)) and EBRPSB would also appear to be a Louisiana citizen.  Given that in the concursus proceeding, these parties are both plaintiffs and defendants vis-a-vis each other, it does not appear that complete diversity would exist.

1332(a) and Amerisure has not alleged that this Court has subject matter jurisdiction based upon federal question under 28 U.S.C. § 1331.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Sun Industries' Motion to Remand[67] should be **GRANTED** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on September 15, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[67] R. Doc. 2.